THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOE ALLEN EDMOND, Defendant-Appellant.

(No. 12342; ■■■■■)

Fourth District—July 3, 1974.

John F. McNichols, J. Daniel Stewàrt, and Thomas Nelson, all of the State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (Robert James Steigmann, Assistant State's Attorney, and Peter Dahm, Senior Law Student, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from the sentence of 4 to 12 years imposed after being convicted of burglary in a bench trial. The sole issue presented for review is whether or not the trial judge abused his discretion in imposing an excessive sentence.

Burglary, as defined in section 19—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 19—1), is a Class 2 felony which is punishable under the Unified Code of Corrections for any term in excess of 1 year and not exceeding 20 years. The Code (Ill. Rev. Stat. 1971, ch. 38, par. 1005—8—1(c)(3)) provides that a court shall not sentence a defendant to serve greater than the minimum term of 1 year unless the nature and circumstances of the case require a higher minimum term.

The record shows that defendant was 28 years old. In determining this sentence, the record shows that the court observed and commented upon the nature of defendant's criminal record, including a conviction for burglary in 1963, upon which defendant served 3 years under a sentence of 1 to 3, and convictions for burglary in 1970, with concurrent sentences of 1 to 10 years. Two other burglary charges then pending were dismissed. This offense occurred within 2 months following the release of defendant on parole in 1972. In the light of such factors considered by the court a potential for early rehabilitation is not readily apparent. There is nothing which suggests that the trial court abused its discretion in imposing sentence. *People v. Barge*, 7 Ill.App.3d 721, 288 N.E.2d 492.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN and SIMKINS, JJ., concur.